UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| LATONYA MARIE WALKER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5: 25-035-DCR |
| | ) |
| V. | ) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, et al., | ) **MEMORANDUM ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Latonya Marie Walker, proceeding *pro se*, has filed a motion for reconsideration [Record No. 36] of the Court's previous Order [Record No. 34] dismissing Defendant Nebraska Department of Health and Human Services ("DNHHS") from the case based on sovereign immunity. Walker's motion for reconsideration is construed as a motion to amend or alter judgment under Rule 59(e) of the Federal Rules of Procedure. The motion will be denied because the Court made no clear error of law, no newly discovered evidence exists, and no intervening change in law occurred.

I.

A motion to reconsider is treated as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). A motion under Rule 59(e) may be granted where there is a clear error of law, newly discovered evidence, an intervening change in the law, or doing so would prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

## II.

Walker contends that the Court erred in dismissing NDHHS as a defendant because "NDHHS … cannot claim sovereign immunity to avoid compliance with the FCRA." [Record No. 36, p. 4]  She argues that NDHHS is a "furnisher of credit information" under the Fair Credit Reporting Act ("FCRA") and, accordingly, it is not immune from suit.  Relying on the United States Supreme Court's holding in *Parden v. Terminal R. of Ala. Docks Dept.*, 377 U.S. 184 (1964), Walker further asserts that a state waives its sovereign immunity when it engages in interstate commerce.  But Justice Scalia's opinion in *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666 (1999), disavowed this rationale and abrogated *Parden*.  *See id.* at 680 ("We think that the constructive-waiver experiment of *Parden* was ill conceived, and see no merit in attempting to salvage any remnant of it.").

Likewise, Walker's attempt to utilize the Supreme Court's holding in *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976) also falls short.  *Fitzpatrick* established that state sovereign immunity can be waived in instances where courts invoke "the enforcement power granted to Congress under s 5 of the Fourteenth Amendment."  *Id.* at 456.  But that does not mean states waive sovereign immunity under the FCRA.  *See Hutchinson v. Carco Grp., Inc.*, No. CV 15-1570, 2015 WL 5698283, at *8 (E.D. Pa. Sept. 29, 2015) ("Congress did not abrogate the States' sovereign immunity in the FCRA because Congress enacted the FCRA pursuant to its Commerce clause powers and, thus, lacked the authority to take away the States' sovereign immunity in that statute."); *Perkins v. Equifax Info. Servs., LLC,* No. 19-CA-1281, 2020 WL 13120600, at *2 (W.D. Tex. May 1, 2020) (acknowledging sovereign immunity shields states are their "arms" from FCRA liability); *Wright v. Applied Bank*, No. 11-585, 2012 WL 3758957, at *2 (D. Del. Aug. 28, 2012) (collecting similar cases).

## III.

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff Walker's motion for reconsideration [Record No. 36] is **DENIED**.

Dated: May 14, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky